IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                           No. 4:19-cr-602-DPM

ALVIS GIBBS                                                     DEFENDANT

## ORDER

1. Alvis Gibbs moves to suppress evidence from a search of his car and a later warrant-based search of a home where he says he sometimes stayed. The material facts are not in dispute; the United States' request for a hearing, *Doc. 41*, is therefore denied.

2. On 31 July 2019, Trooper Aaron Morphis was on the lookout for Gibbs. That morning, a confidential source told Task Force Agent Chris Lane that Gibbs was about to deliver a large amount of methamphetamine to Brookland, Arkansas, in his white Kia. About an hour later, officers saw Gibbs arrive at 1320 West Huntington Avenue in Jonesboro in the Kia. Lane relayed his information to Morphis and asked him to be prepared to stop Gibbs. About forty minutes after Gibbs arrived at the home, the informant told Agent Lane that Gibbs was about to leave. Twenty minutes later, he did. Agent Lane followed Gibbs and told Trooper Morphis that Gibbs crossed the center line twice. When Morphis saw Gibbs, he was speeding. He therefore stopped the white Kia.

Morphis asked Gibbs for his license and insurance information. He believed Gibbs seemed nervous—his hands were shaking and he was dropping papers. Morphis therefore asked Gibbs to get out of the car. He told Gibbs that he had information that he might be transporting drugs. Gibbs denied that and refused consent to a search. Morphis patted Gibbs down and then placed him in handcuffs while they waited a few minutes for a K-9 unit to arrive. The dog alerted on Gibbs's car, and a search of the car turned up methamphetamine, ammunition, and a large-capacity magazine. Officers later used this evidence as part of the basis for seeking a warrant to search the house at 1320 West Huntington, which yielded more drugs, guns, and magazines.

**3.** Gibbs's motion to suppress is denied. First, the stop. Morphis had probable cause to stop Gibbs: Lane told Morphis that Gibbs had crossed the center line twice; and Morphis himself saw Gibbs speeding. Though Gibbs suggests that he didn't cross the center line, he hasn't disputed that he was speeding. That minor traffic violation is enough to support the stop. *United States v. Fuehrer*, 844 F.3d 767, 772 (8th Cir. 2016). Gibbs presses that the stop was pretextual because Morphis intended to look for illegal drugs. Under the precedent, though, Morphis's real intentions, whatever they may have been, are beside the point. *United States v. White*, 928 F.3d 734, 741 (8th Cir. 2019).

Next, Morphis didn't unreasonably prolong the stop by waiting a few minutes for the K-9 unit to arrive. Earlier that morning, a confidential source had informed officers that Gibbs was about to deliver a large amount of methamphetamine to Brookland in his white Kia. Just an hour after that tip, officers watched as Gibbs arrived in the Kia at a home in nearby Jonesboro. Gibbs left again about an hour later heading toward Brookland. This corroboration—combined with Morphis's observation that Gibbs seemed particularly nervous during the stop—amounted to reasonable suspicion to extend the stop for a few minutes until the K-9 unit arrived. *United States v. Anguiano*, 795 F.3d 873, 876–77 (8th Cir. 2015).

Gibbs argues that Lane's knowledge about the tip and corroborating events can't be imputed to Morphis because Morphis was not "properly assigned, designated, deputized or otherwise authorized, to either surveil, stop, detain or arrest the defendant, in privity with Lane or even the DTF itself." *Doc. 37 at 8*. But that isn't the standard. Instead, there just needs to be "some degree of communication" between the officers—enough to show that they're functioning as a team rather than as "officers acting as independent actors who merely happen to be investigating the same subject." *United States v. Gillette*, 245 F.3d 1032, 1034 (8th Cir. 2001). The contact between Lane and Morphis here shows a team effort.

Last, while waiting for the drug dog to arrive, Morphis placed Gibbs in handcuffs. It's not clear from this record that that was justified. *E.g., United States v. Cotton*, 782 F.3d 392, 396 (8th Cir. 2015); *United States v. Martinez*, 462 F.3d 903, 907 (8th Cir. 2006). But Morphis had reasonable suspicion to extend the stop to wait for the drug dog; and the dog's alert provided probable cause to search the car. Thus, the car's contents would have inevitably been discovered by lawful means. Even if Morphis violated the Fourth Amendment in handcuffing Gibbs, suppression of the search's results is therefore not warranted on that basis. *United States v. Sallis*, 920 F.3d 577, 582–83 (8th Cir. 2019).

\* \* \*

Neither the initial stop nor the search of Gibbs's car violated the Fourth Amendment. And Gibbs hasn't shown that the later warrant-based search was otherwise invalid. His motion to suppress, *Doc. 24*, is therefore denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 July 2020